# ANGELA ARNAU Y O'KELLEY

*v.*

# CESAR ESPAÑOL URGAL.

San Juan, Law, No. 671.

1. In a civil suit for damages for the perpetration of a rape upon her, the plaintiff is only required to make out her case by a preponderance of the evidence, and not by evidence beyond a reasonable doubt, as in a criminal prosecution. This is a distinguishing feature as to amount of proof between the two proceedings.

2. In prosecutions for rape, the age of consent in Porto Rico is fourteen years.

3. Proof that a defendant administered narcotics, anesthetics, or intoxicating liquors to plaintiff, that deprived her of her faculties and power of resistance, excuses the production of other proof of lack of consent or of physical resistance, such as is usually required.

4. Circumstantial evidence is just as good, and often better than other sorts of evidence, when such evidence fits in with all the other proofs and facts in the case, and tends to show the liability or nonliability of a defendant.

Arnau y O'Kelley v. Urgal.

5. Evidnce of previous unchaste character of a plaintiff in a civil suit for damages for rape only goes to her credibility and in mitigation of damages, and is of itself no defense against the outrage actually committed upon her.

6. Failure on the part of a plaintiff. in a civil suit for damages for rape to make immediate complaint of the outrage against her is a strong circumstance tending to sustain the allegation of consent upon her part, but may be rebutted by other facts and circumstances in the case.

Instructions filed April 27, 1910.

Messrs. *Sweet & Wilcox,* attorneys for plaintiff.

Mr. *Miguel Guerra,* attorney for defendant.

The facts of the case can be fully gathered from the instructions to the jury, which RODEY, Judge, gave as follows:

Gentlemen of the Jury: This is a plain civil action or complaint brought by the plaintiff, Angela Arnau y O'Kelley, who, because she is a minor, sues by her brother and next friend, Eduardo Arnau y O'Kelley. It is against the defendant, Cesar Español Urgal. The suit is for damages on account, as the plaintiff alleges, of the defendant having, as stated in the complaint, committed the crime of rape upon her within this district. She lays her damages in the sum of $15,000. You are instructed that laying damages in a complaint is no reason why a jury should grant the amount claimed, or in fact any amount at all, unless the evidence as presented and the law as settled by the court entitle a plaintiff to the same. Often such damages

Arnau y O'Kelley v. Urgal.

are placed by plaintiffs at a sum beyond all reason, and at other times are placed at what would be a reasonable amount to recover, it, of course, always depending upon the evidence and the law. Therefore, you may consider that the only effect of fixing the amount of damages in a complaint is that a jury can never return a verdict for more than the amount claimed, because that is a limit which the plaintiff puts upon recovery.

At the outset the court desires to caution you about permitting the criminal side of this matter to have any effect whatsoever with you, one way or the other, as to your verdict. The law of the island may punish a defendant for rape, but that fact cuts no figure in the victim's right to recover damages for the outrage against her. Nor is it any reason why a defendant in a civil suit like this should be relieved of, or mulcted in, damages by this jury, that another court or another jury may have found him innocent or guilty of the crime. In other words, you must not permit the criminal side or the acquittal or the finding guilty of this defendant in another court, if in any manner you have learned that such has or has not taken place, to have any effect whatsoever in your action in this court, because both this court and yourselves are an independent tribunal acting under the law and the evidence as presented here, on an independent cause of action. And although you yourselves may have to retry this defendant, and necessarily must say whether he has committed the damage or not, still you must do that independently, and the rule of law that measures your action is entirely different from the rule of law that would apply were this defendant here being prosecuted in this court for a crime. If he were being prosecuted criminally here, you could not convict him unless his guilt was proved beyond a reasonable doubt,

Arnau y O'Kelley v. Urgal.

while in a civil suit, such as this is, you may find damage in favor of the plaintiff on a mere preponderance of the evidence, as contradistinguished from proof beyond a reasonable doubt, which would be required in a criminal case.

Section 192 of the Civil Code of 1902 of Porto Rico provides that, in cases of violence, rape, or ravishment, the party guilty of either of these crimes shall incur the responsibility of indemnifying the offended person, if she be single or a widow. Section 1803 of the same Code reads: "A person who by an act or omission causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done."

So that, as you will see, if the defendant has in fact committed the crime of rape upon this plaintiff, as the same will be hereinafter defined to you, he should be obliged by your verdict to indemnify the plaintiff, within the amount she claims, to the extent that you as reasonable men may believe to be proper under all the facts and circumstances of the case.

The statute of Porto Rico as contained in its Penal Code of 1902, §§ 255 to 262 inclusive, and which governs in this case, is one of the most comprehensive it has ever been our privilege to examine, defining the crime of rape; and the portions material to quote to you thereof are as follows:

Section 255. Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under any of the following circumstances:

1. Where the female is under the age of fourteen years.

2. Where she is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent.

3. Where she is prevented from resisting by threats of great

and immediate bodily harm, accompanied by apparent power of execution, or by any intoxicating, narcotic, or anesthetic substance administered by or with the privity of the accused.

4. Where she resists, but her resistance is overcome by force or violence.

5 Where she is at the time unconscious of the nature of the act; and this is known to the accused.

Section 257. The essential guilt of rape consists in the outrage to the person and feelings of the female. Any sexual penetration, however slight, is sufficient to complete the crime.

You will therefore, of course, appreciate that lack of consent is an essential element in the crime of rape, not only under the law of Porto Rico as thus quoted, but also under the law of any state of the Union, and if the plaintiff or prosecutrix did in fact consent, then the crime of rape was not committed, and the plaintiff in this case would not be entitled to any damages whatsoever, and you should find for the defendant.

You are further instructed that the burden is upon this plaintiff to establish to your satisfaction, by a preponderance of the evidence, but not by evidence beyond a reasonable doubt, that she did not in fact consent to the sexual act, but, on the contrary, that the act or outrage was perpetrated upon her without her consent, in the manner indicated, or against all the physical resistance which she was at the time capable of interposing. And if this has not been proved by a preponderance of the evidence, you should, without hesitation, find for the defendant, because in such case he is not liable to her, under the law, in any sum whatsoever.

Arnau y O'Kelley v. Urgal.

Now, in this regard, it is proper for me to instruct you that, as you will see by the statute above quoted, a rape might be committed upon a female under the age of fourteen years by the simple act, without reference to the consent or nonconsent, because of the victim being under the age of consent, and thus under the law incapable of giving consent. .That rule, of course, does not apply here, because the evidence establishes the fact that plaintiff was about eighteen years of age at the date of this alleged occurrence; but the evidence further tends to show that, at the time in question, plaintiff was, by the act, design, and procurement of the defendant, prevented from resisting the accomplishment of the outrage upon her, by reason of a narcotic or anesthetic and intoxicating liquor, or either or both of them, administered by the defendant to her.

You are therefore instructed that, if you believe from a preponderance of the evidence, that the defendant did so administer, or was privy to the administering of, a narcotic or anesthetic and intoxicating liquor to the plaintiff, and that, at the time of the committing of the act against her, she was by reason thereof incapable of either giving consent or of offering physical resistance to the act, then I instruct you that the outrage was committed upon her without her consent, and in such case you should find for the plaintiff, and assess her damages, within the amount claimed, at such reasonable sum as you may believe to be proper under all the facts and circumstances of the case, and as the measure of damages may be defined in these entire instructions.

If, on a preponderance of the evidence as here instructed, you shall find for the plaintiff, then, when fixing the damages that you shall allow her, you may take into consideration the

Arnau y O'Kelley v. Urgal.

assault upon her, the outrage to her person and feelings, and her physical pain and suffering, and the disgrace and ruin of her character, but you cannot, when assessing the damages, allow anything on account of the alleged shock and supposed death, on account thereof, of plaintiff's mother, because plaintiff does not now claim anything on that account, as such damages are too remote, and would require a separate trial.

You are further instructed that, in civil actions for rape, previous unchaste character of the prosecuting witness, if you shall believe that any such fact has been proved, would only go to affect her credibility, or to the truth of her story, or as to giving consent on the part of the plaintiff, and as to mitigating damages which you might otherwise believe her entitled to, and cannot excuse or justify the commission of an actual rape upon her person.

It may be well, also, to remind you that, while it has been well said that it is easy to make this sort of a charge against any person, and that it is very hard to prove the charge, and still harder to defend against it, yet, when it has been proved before a jury by a preponderance of the evidence, jurors have no right to deny a plaintiff the damages to which she may be entitled, any more than they would have to deny her damages in the simplest sort of a case in which sufficient proofs had been submitted. It has been said that in this sort of a case proof of facts is often largely circumstantial, but you are instructed that circumstantial evidence is just as good, and often better than other sorts of evidence, when such circumstances fit in with all the proved facts in the case, and tend to show the liability or nonliability of a defendant. Your own recollection of the evidence, of course, is to be taken rather than the statements of it made

Arnau y O'Kelley v. Urgal.

by either counsel, or even the court,—that is, if there is any dispute about it. Counsel, of course, have a duty to perform to their clients, and it is their duty, as they have studied the case much longer and probably better than either the court or the jury, to point out as many view points as they can, and argue, from the facts presented, for the liability or nonliability of the defendant, as the case may be, and if they shall aid you by their arguments in that regard, and the recalling of the testimony to your minds, then they will have performed the duty which they, as sworn officers of this court, owe to their clients respectively.

You are further instructed that you are the sole judges of the weight of the evidence and of the credibility to be given to any witness, and when passing upon the weight to be given to the evidence of any witness, you may consider his or her manner upon the stand, his or her age, situation in life, relation to the parties or the cause, and surrounding conditions, the probability and reasonableness of the story related, and the interest he or she may have in the result of the case.

You are warned not to be affected by anything that may have occurred during this trial, between counsel, or between counsel and the court, or between witnesses, and not to permit yourselves to be affected by the desires of the counsel on either side, or of either of the parties, nor by your acquaintance with the plaintiff or the defendant, because they are entitled to exactly equal rights before you and before this court. The court itself has no opinion as to who ought to recover in this case, because it is your duty to find the facts and apply the law to them as it has been given to you by the court in these instructions, and to return your verdict without fear or favor after you have done

Arnau y O'Kelley v. Urgal.

so. It is always a species of moral cowardice for courts or juries to permit themselves to be affected or impressed by the mere excitement or desires of, or their acquaintance with, counsel or the parties, and whenever that is done, to that extent the administration of justice is a failure, and both courts and juries show themselves unfit for the performance of the high duties which they take an oath to perform. No one save the jury is under oath here to find a true verdict, and no one's conscience but yours is bound thereby, and hence you should not be affected by any of the things here enumerated, but find the facts, after balancing the testimony as to truth or falsity, as fair-minded and impartial men of common sense, and, having done so, return your verdict accordingly.

There is one thing the court desires to warn you particularly about, because evil, and great evil, has often resulted from it, and that is, against jurors testifying in the jury room. You were selected as jurors in this case because you said you had no opinion about it, but that your minds were thoroughly impartial. Therefore you have no right when you get to your private jury room, to state supposed facts acquired outside the trial for the supposed information of your brother jurors, that tend to establish the liability or nonliability of this defendant in this case. If you knew any such facts you should have made it known, so that you could have been either excused from the jury or called as a witness. To thus testify in the jury room deprives the party against whom your presumed information militates, of a chance to cross-examine you, or to contradict you, or to show that you are mistaken, by introducing other evidence. Hence it is not only wrong, but it is offensive for jurors to attempt any such thing. The evidence as given before you here,

Arnau y O'Kelley v. Urgal.

and the probabilities of its truth or its veracity that you may be able to deduce therefrom, are the only things that should be taken into consideration in that light by you. It is not presumed that any juror will do such a thing, but the court's experience tells it that it is well to warn jurors against it. No greater wrong could be indulged in against the right of a party against whom such alleged information might militate.

It is hoped that you have not discussed this case between yourselves, as you were heretofore instructed not to do by the court, and that when you get to your room your vote will be your first expression to each other of your views in the cause, and that all of you will approach the subject with a mind calm and unperturbed by the excitement of the cause, and that if one or more of you are of one opinion, you will be able to give reasons to your brother jurors for the views you hold, and they, being in a similar position, can give reasons for the opinion which they contend for, and that, by this exchange of views and deliberating together in this way, you may be able to arrive at a verdict, because you must recollect that this is not a case where anybody's liberty is at stake, it being only a civil case, where you may find any fact or decide the whole case upon a preponderance of the evidence. By a preponderance of the evidence is not meant the side that has the more witnesses or the more exhibits, as is often wrongfully supposed, but it means the side upon which truth and justice is, according to your judgment as reasonable and impartial men of affairs. It is not intended by these statements to induce any juror to give up his opinion to any other juror, if he in good faith believes that wrong would supervene by his so doing, but it is intended to impress you with the fact that, in a civil case, such as this is,

V. Porto Rico—34.

Arnau y O'Kelley v. Urgal.

where a preponderance of the evidence governs, reasonable men should be able to arrive at a proper verdict, and they should either give up their opinions to others, if convinced by such others that they are wrong, or else induce such others to agree with them, by the force of their arguments. Cases like this are expensive to both plaintiffs and defendants, and when juries fail to agree, the case has to go back on the docket, and be tried again at some future time, with all the annoyance, work, labor, and expense to be again gone over.

You will be permitted to take to your room the complaint, the answer, and the exhibits, if any, and you will be given two forms of verdict; one reading: We, the jury, find for the plaintiff, and assess her damages at the sum of blank dollars; and the other reading: We, the jury, find for the defendant. When you have arrived at a verdict, you will select the blank that embodies it, and cause the same to be signed by one of your number whom you will select as foreman for that purpose, and all of you must then return it into court.

The court thereupon, at the request of counsel for the defendant, instructed the jury as follows:

If the jury believe that, at the time of the alleged rape, the brother of the plaintiff was so near that he might have heard an outcry, and that no outcry was made, and that, after the commission of the alleged offense, the plaintiff remained as a friend of defendant, and associated with him in an apparently friendly manner, this circumstance is to be considered in determining the credit to be given to her testimony.

If the plaintiff failed to make speedy complaint of the of-

Arnau y O'Kelley v. Urgal.

fense which she claims was perpetrated on her, the circumstance is one to be considered by the jury in determining whether the offense was committed as she testifies; it is entitled to consideration in determining whether the sexual intercourse, if it took place, was voluntary. The jury are to consider whether a woman upon whom such an indignity as a ravishment has been committed would not be moved to instantly complain thereof to her relatives or intimate friends; and the failure of the plaintiff to so complain is to be given such weight as you think proper.

The court instructs the jury that the woman must resist to the point of being overpowered by actual force, or of inability from loss of strength longer to resist. If she is in possession of her senses, she must resist in every manner which appears possible or feasible, by striking, biting, or kicking, by resort to any weapon which may be available; and must continue her struggles until exhausted or overpowered. It is essential that the carnal connection be against the will of the woman. If she consciously consents thereto, however tardily or reluctantly, and however persistently she may resist for a time, the act is not rape.

The court instructs the jury that, though the fact that the plaintiff is a woman of bad character, if they believe there is any evidence going to show that to be a fact, is in itself no defense, if the carnal connection was had against her will; yet evidence of her bad character is proper to be considered by the jury in determining whether she consented to the connection; and the jury are entitled to take it into consideration, in connection with the other evidence, if any, that she did consent.

Evidence has been introduced as to the moral character of

the plaintiff in this case, as to her reputation for chastity and virtue. You are not to understand from this that a rape cannot be committed on a woman of bad moral character. A woman may be a common prostitute, and may still be the victim of rape. This evidence has been introduced only for the purpose of affecting her credibility as a witness, and as a circumstance affecting the probability of the act of intercourse being voluntary or against her will, upon the theory that a person of bad moral character is less likely to speak the truth as a witness than one of good moral character, and that a woman who is chaste and virtuous will be less likely to consent to an act of illicit carnal intercourse than one who is unchaste. So that, whatever conviction this evidence may produce in your minds as to whether she is chaste or unchaste, you will treat it as a circumstance affecting her credibility, to aid you in determining whether her story is true or false, and the act of intercourse voluntary or against her will. The cause is with you, gentlemen.

The jury failed to arrive at a verdict.